COMMONWEALTH *vs.* MICHAEL J. FLASHNER. April 9, 1981. The defendant appeals his convictions of armed robbery and armed assault with intent to commit murder. He argues two alleged errors: (1) the admission in evidence of records of prior convictions to impeach his credibility; and, (2) an improper comment on evidence in the judge's charge. There was no error.

1. The propriety of impeaching a defendant's credibility by records of his prior conviction under G. L. c. 233, § 21, received this court's approval in two cases which were issued the day of oral argument in this case, *Commonwealth* v. *Diaz, ante* 73 (1981), and *Commonwealth* v. *Caldron, ante* 86 (1981). Arguments founded on art. 12 of the Massachusetts Declaration of Rights and on provisions of the United States Constitution which are advanced in this case were rejected in *Commonwealth* v. *Diaz, supra* at 75-82.

2. The second claim of error raises the correctness of the judge's charge in reference to the defendant's hands. In isolation, the allegedly offensive language in the charge reads: "Now, of course, you can get into other areas. All people could not observe the same things. You may take into consideration the testimony, if you believe it, that whoever the robber was had a white substance, like a lotion, on his hands and that later on it was uncontroverted that Mr. Flashner, within a week or so or two weeks, had hands that were broken out and red." The charge occupies fourteen pages. On balance, it is entirely fair. Cf. *Commonwealth* v. *Smith,* 381 Mass. 141, 145 (1980). The judge had already alerted the jury to their exclusive function of finding facts.[1] He also reassured them that he would use examples from the evidence "only, in order to make the law a little easier for you to understand and apply." In sum, read in its entirety, the charge does not offend G. L. c. 231, § 81. Compare *Commonwealth* v. *Valentine,* 10 Mass. App. Ct. 544, 546 (1980).

*Judgments affirmed.*

*Ellen A. Howard* for the defendant.

*Kevin Connelly,* Assistant District Attorney (*Peter Muse,* Legal Assistant to the District Attorney, with him) for the Commonwealth.

---

[1] In pertinent part the judge said:

"However, when it comes to the facts, when it comes to a determination who did what or whether a person's observation is accurate or not, you are the sole judges of the evidence. No one can ever tell you what you should believe or not believe. This is your function, and yours alone. You may believe part, all or none of the testimony, the evidence of any witness who appears before you. This is your province. You determine for yourselves what happened and what witness you are going to believe, and you may believe part, all or none of his or her testimony."